UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

LAW OFFICES OF MITCHELL LEE CHAMBERS
602 LITTLE GLOUCESTER ROAD, SUITE 5
BLACKWOOD, NJ 08012

Order Filed on October 15, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

HARRIS KIM

Case No().: 24-16954

Hearing Date: 10/15/24

Chapter: 13

Judge: JNP

# AMENDED ORDER
# AUTHORIZING SALE OF
# REAL PROPERTY

Recommended Local Form:   ☐ Followed   X Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**

Dated: October 15, 2024.

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as 5 CLEMSON ROAD, CHERRY HILL, NJ 08034, New Jersey (the Real Property).
IT IS hereby ORDERED as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

> Name of professional: MARK SCARPA
>
> Amount to be paid: 6% OF GROSS SALE
>
> Services rendered: LISTING AND SALE OF REAL-PROPERTY LOCATED AT 5 CLEMSON ROAD, CHERRY HILL, NJ 08034

**OR**: ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $29,375.00 claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.  (SEE PARAGRAPH 9.)

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days

after closing.

8. [x] The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions: The bar date for creditors to file a proof of claim with the Court is currently scheduled for September 20, 2024. Counsel for the Debtor will request a payoff figure from the Chapter 13 after the bar date expires to determine the amount needed to be paid to the Trustee. This order will be effective immediately and not subject to the stay imposed under 11 USC 6004(g).

*rev.1/12/22*